IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TERRANCE TYRELL EDWARDS, | CV 14-00239-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| DETECTIVE GEOFF CURTIS and the MISSOULA POLICE DEPARTMENT, | |
| Defendants. | |

Plaintiff Terrance Edwards alleges Detective Geoff Curtis violated his constitutional rights when he utilized Cellular Site Location Information without a warrant to obtain his location, had arrested him on a probation violation, and charged him with promoting prostitution and tampering with witnesses. (Complaint, Doc. 2.) Edwards's claims of unlawful search and seizure (Count 1), false arrest (Counts 2, 10, 11), assault and battery (Count 3), malicious prosecution and abuse of process as it pertains to Edwards's probation violations (Count 4), invasion of privacy (Count 5), intentional/negligent infliction of emotional distress (Count 8), and defamation (Count 9) fail to state a claim upon which relief may be granted and should be dismissed.

Detective Curtis should be required to respond to Edwards's malicious

1

prosecution claim as it pertains to the promoting prostitution and tampering with witness charges (Complaint, Doc. 2 at 29-33, Count 4), his Fourteenth Amendment claim for making false statements in a warrant application (Complaint, Doc. 2 at 33-34, Count 6), and his equal protection claim (Complaint, Doc. 2 at 34-35, Count 7.)

## I.  Statement of the Case

### A.  Parties

Edwards is a prisoner proceeding in forma pauperis and without counsel. He is incarcerated at Crossroads Correctional Center in Shelby, Montana. Edwards names Detective Geoff Curtis and the Missoula Police Department as Defendants.  (Complaint, Doc. 2 at 5.)

### B.  Statement of Facts

On September 28, 2010, Edwards was arrested by Detective Geoff Curtis for promoting prostitution.  He pleaded no contest to the charge and on February 22, 2011 was sentenced to one year of supervised probation with four years of unsupervised probation.  On November 20, 2011, police received a crime stoppers tip that Edwards was again promoting prostitution.  On December 19, 2011, two witnesses provided recorded statements to Detective Curtis alleging that Edwards, along with his brother, were promoting prostitution.  As part of his investigation,

Detective Curtis attempted unsuccessfully to contact Edwards's girlfriend on December 21, 2011. (Complaint, Doc. 2 at 9-10.)

Edwards alleges that Detective Curtis then accessed Edwards's electronic cellular phone site location information (CSLI) without obtaining a warrant or court order to do so, and determined that Edwards was in Boise, Idaho. According to Edwards, Curtis brought this information to Edwards's probation officer which resulted in a warrant for Edwards's arrest being issued on December 21, 2011 for absconding from probation. (Complaint, Doc. 2 at 11, 23.)

Edwards alleges Detective Curtis forwarded the cell phone information to police in Austin, Texas and falsely told the Austin police that Edwards was possibly armed. Utilizing the CSLI information the Austin police located Edwards and arrested him on or about January 4, 2012. (Complaint, Doc. 2 at 14-15.)

Edwards alleges Detective Curtis submitted an application for a search warrant on January 11, 2012 seeking Edwards's phone records even though the affidavit pertained only to his brother's criminal activity and he alleges that Detective Curtis stated that access to Edwards's phone records would assist in locating Edwards even though Curtis knew Edwards had already been arrested. (Complaint, Doc. 2 at 16.)

On January 18, 2012, Edwards was charged with promoting prostitution.

He was extradited from Texas and arrived in Missoula County on February 5, 2012. (Complaint, Doc. 2 at 17, ¶ 67.) A probation revocation hearing was held on June 15, 2012 and Edwards was sentenced to a five year period of imprisonment. (Complaint, Doc. 2 at 18-25.) On July 20, 2012, Edwards was charged with tampering with witnesses based upon Curtis's monitoring of Edwards's jail phone calls. (Complaint, Doc. 2 at 25.) The charges of promoting prostitution and tampering with witnesses were dismissed with prejudice on May 21, 2013. (Complaint, Doc. 2 at 26.)

### C. Statement of Claims

Edwards advances the following claims:

(1) a Fourth Amendment claim for illegal search and seizure against Curtis for obtaining CSLI information without first obtaining a warrant supported by probable cause. (Complaint, Doc. 2 at 27.)

(2) a false arrest and unlawful incarceration claim against Curtis based upon the use of CSLI evidence to locate Edwards out of state leading to the warrant for absconding from probation and charges being filed for promoting prostitution and tampering with witnesses. (Complaint, Doc. 2 at 27-28.)

(3) an assault and battery claim against Curtis for providing false information to police in Texas causing the police to enter Edwards's hotel room,

discharge weapons, and kill his dog.  (Complaint, Doc. 2 at 29).

(4)  a malicious prosecution and abuse of process claim based upon Curtis's investigation of Edwards for absconding from probation, promoting prostitution, and tampering with witnesses.  (Complaint, Doc. 2 at 29-33).

(5)  a claim for invasion of privacy against Curtis for illegally obtaining Edwards's CSLI without a warrant or court order.  (Complaint, Doc. 2 at 33.)

(6)  a Fourteenth Amendment due process claim based upon the purported fabrication of evidence in Curtis's application for a search warrant.  (Complaint, Doc. 2 at 34.)

(7)  a Fourteenth Amendment equal protection claim against Curtis and the Missoula Police Department for race discrimination.  (Complaint, Doc. 2 at 34-35.)

(8)  a claim for the intentional infliction of emotional distress against Curtis and the Missoula Police Department based upon Curtis's actions, Edwards's arrest in Texas, his incarceration, the denial of his parole, and the death of his dog. (Complaint, Doc. 2 at 35-36.)

(9)  a claim for defamation against Curtis and the Missoula Police Department for news reports characterizing Edwards as a pimp.  (Complaint, Doc. 2 at 38.)

(10) a Fourth Amendment claim against the Missoula Police Department alleging for allegedly failing to properly train Curtis relative to securing search warrants or court orders to ping a suspect's CSLI. (Complaint, Doc. 2 at 39.)

(11) a Fourteenth Amendment due process claim against Curtis and the Missoula Police Department for failing to properly train Curtis relative to securing a valid search warrant and the admissibility of illegally obtained evidence.

## II. Screening Standard under 28 U.S.C. §§ 1915, 1915A

Edwards is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. §§ 1915, 1915A. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal

quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III.  Analysis

### A.  Missoula Police Department

Under Mont. Code Anne. §§ 2-9-101 and 102, the Missoula Police Department is not a separate entity with the capacity to be sued. To the contrary, state law provides that a municipal police department is a subunit of the municipality. Montana law requires every city to have a police department, and the mayor or manager of the city has charge of, supervision over, and direct control of the city's police department. *State of Montana v. District Court of the*

*Thirteenth Judicial District*, 170 Mont. 15, 19, 550 P.2d 382 (1976); Mont. Code Ann. §§ 7-32-4101 and 4103.  Therefore, the municipality, as opposed to the municipality's police department, can be held liable for the conduct of the employees of the police department.  *State of Montana*, 170 Mont. At 19-20; 550 P.2d at 384.  Accordingly, the statutory scheme in Montana does not establish the Missoula Police Department as a separate entity and does not cloak the Missoula Police Department with the capacity to be sued.

The Missoula Police Department should be dismissed.

## B.  *Heck v. Humphrey*

The majority of Edwards's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged.  *Id*.

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

In Count One, Edwards complains that Defendant Curtis violated his rights by obtaining CSLI information without a warrant or court order. But, the information obtained by the CSLI (Edwards's whereabouts out of state), was the basis of his probation revocation for which he is currently serving a five year prison term. Edwards does not allege the probation revocation charge has been reversed or found to be invalid.

Edwards had an opportunity to challenge the propriety of Curtis obtaining the CSLI information during his probation revocation hearing. A determination now that Edwards's location was obtained illegally would necessarily imply the invalidity of his current sentence. This is something the Court cannot do under *Heck*.

As such, Edwards's claims regarding obtaining CSLI information and his arrest and prosecution for violating probation (Counts One, Two (as it pertains to the probation revocation arrest), Four (as it pertains to the probation revocation

prosecution), Five, Eight (as it pertains to Edwards's current incarceration), Ten, and Eleven) are barred by the doctrine set forth in *Heck v. Humphrey* and will be recommended for dismissal.

### C. False Arrest

Edwards also brings false arrest claims regarding his promoting prostitution and tampering with witness charges. (Complaint, Doc. 2 at 27-28, Count Two.) As noted, Edwards was charged with promoting prostitution on January 18, 2012. At that point in time, he had already been arrested and was incarcerated in Texas pursuant to the warrant issued on December 21, 2011 for absconding from probation. He was subsequently extradited from Texas to Montana. He was charged with tampering with witnesses on July 20, 2012. Because he was already in custody on the absconding charge awaiting extradition, there is no basis for a false arrest claim regarding the promoting prostitution and tampering with evidence charges. Edwards's claims of false arrest fail as a matter of law and should be dismissed.

### D. Malicious Prosecution

Edwards also raises a malicious prosecution and abuse of process claim based upon Curtis's investigation of Edwards for absconding from probation, promoting prostitution, and tampering with witnesses. (Complaint, Doc. 2 at 29-

33). It is not clear whether Edwards intended to raise a malicious prosecution claim under state or federal law.

In order to present a cognizable claim of malicious prosecution under §1983, a plaintiff must plead tortious conduct by defendants under the elements of a state law malicious prosecution claim, as well as allege that the defendants acted under color of state law and for the purpose of denying the plaintiff a specific constitutional right. *Poppell v. City of San Diego*, 149 F.3d 951, 961 (9th Cir. 1998); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right"); *Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987) (a malicious prosecution claim is not generally cognizable federally if the state judicial system provides a remedy, but "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights").

In a malicious prosecution action in Montana, "the plaintiff bears the burden of proving that '(1) a judicial proceeding was commenced against the plaintiff; (2)

the defendant was responsible for instigating, prosecuting, or continuing a judicial proceeding; (3) there was a lack of probable cause for the defendant's acts; (4) the defendant was actuated by malice; (5) the judicial proceeding terminated favorably for the plaintiff; and (6) the plaintiff suffered damage.'" *Spoja v. White*, 373 Mont. 269, 272, 317 P.3d 153, 156 (2014)(*quoting Hughes v. Lynch*, 338 Mont. 214, 219, 164 P.3d 913, 917 (2007)).

As the Court has found there was probable cause to arrest and imprison Edwards on the probation violation, his claims of malicious prosecution regarding the probation revocation fail as a matter of law and should be dismissed.

As to the claims of malicious prosecution regarding the charges of promoting prostitution and tampering with witnesses, Defendant Curtis will be required to respond. In essence, Edwards alleges Curtis maliciously undertook to have him prosecuted on these two fabricated charges because of Edwards's relationship with a white woman who is a stripper/escort. The charges, as noted, were dismissed with prejudice. Thus, Edwards has stated a plausible claim of malicious prosecution and denial of equal protection against Curtis with regard to promoting prostitution and tampering with witnesses charges.

### E.  Assault and Battery and Intentional Infliction of Emotional Distress

A person is liable to another for battery if (a) the person acts intending to

cause a harmful or offensive contact with another, or an imminent apprehension of such a contact, and (b) a harmful contact directly or indirectly results. *Collins v. State, Dept. of Justice, Div. of Highway Patrol*, 232 Mont. 73, 80, 755 P.2d 1373, 1377 (1988)(adopting definition from Restatement (second) of Torts). Similarly, a person is liable for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (c) the other is thereby put in such imminent apprehension. *Id.*

Edwards alleges Detective Curtis intended to cause him harmful and offensive contact by falsely telling Texas law enforcement that Edwards might have a weapon. Edwards contends that because of this false information, the Texas Violent Offender Task Force entered his hotel room, discharged weapons and killed Edwards's dog.

Edwards's assault and battery claims fail for several reasons. First, his claim that Detective Curtis caused the assault and battery based upon false information is misguided. Edwards alleges that Detective Curtis told Texas law enforcement that Edwards was "possibly armed." Edwards alleges Detective Curtis "knew it had been over a year since anyone alleged to have seen [Edwards] with a firearm; and that report came from a very unreliable source." (Complaint,

Doc. 2 at 14, ¶ 49.)  Edwards also faults Detective Curtis for telling Texas law enforcement that Edwards's brother was recently arrested in the possession of a firearm.  In light of these admissions, it seems prudent to have advised other law enforcement agencies that it was possible Edwards might be in possession of a weapon.

Secondly, the alleged assault and battery were committed in Texas by Texas law enforcement officers.  To the extent, excessive force was utilized by the officers in Texas, the causation is too attenuated to plausibly state a claim against Officer Curtis.  The assault and battery claims and Edwards's allegations of intentional infliction of emotional distress arising from the Texas arrest should be dismissed.

### F.  False Statements in Search Warrant Application

Edwards alleges Defendant Curtis lied on his application for a search warrant to obtain Edwards's phone records by saying that he needed the warrant to locate Edwards's possible whereabouts when Curtis knew Edwards had been arrested in Texas a week earlier.  (Complaint, Doc. 2 at 33-34, Count Six.)  To support a section 1983 claim that a search warrant was obtained by means of "judicial deception," a plaintiff "must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of

14

probable cause.  The court determines the materiality of alleged false statements or omissions."  *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (*citing Franks v. Delaware*, 438 U.S. 154, 155–156 (1978); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002); *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002)).

The Court reaches no conclusion about the truth of these allegations or about the strength of this claim or of the evidence Edwards might offer to corroborate it.  The Court only finds that Edwards has said enough to require a response from Defendant Curtis on Count 6.

## G.  Defamation

"Defamation is effected by libel or slander."  *McLeod v. State*, 2009 MT 130, ¶ 14, 350 Mont. 285, 206 P.3d 956 (citing Mont. Code. Ann. § 27–1–801). "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation."  Mont. Code. Ann. § 27–1–802. "Slander is a false and unprivileged publication other than libel that," for purposes of this case, "charges any person with crime or having been indicted, convicted, or punished for crime."  Mont. Code. Ann. § 27–1–803(1).

Edwards alleges that while he was in jail he appeared on the news, in the newspaper, on the internet, and on other media outlets as being a pimp that forced two sisters into prostitution and when the charges were dismissed no mention of it was made in the news.  (Complaint, Doc. 2 at 38, Count 9.)  Edwards makes no allegation that a named Defendant was responsible for these alleged publications.  Moreover, the fact that he was charged with promoting prostitution was (at least while Edwards was in jail) a true statement.  Truth is a complete defense to a defamation action.  *Citizens First National Bank v. Moe Motor Co.*, 248 Mont. 495, 501, 813 P.2d 400, 404 (1991).

Edwards has made no allegation that any named Defendant was responsible for false publications in the new media regarding his criminal charges.  He has failed to allege a defamation claim.

## IV.  Conclusion

The Missoula Police Department is not an entity capable of being sued and should be dismissed.  In addition, Edwards's claims of unlawful search and seizure (Count 1), false arrest (Counts 2, 10, 11), assault and battery (Count 3), malicious prosecution and abuse of process as it pertains to Edwards's probation violations (Count 4), invasion of privacy (Count 5), intentional/negligent infliction of emotional distress (Count 8), and defamation (Count 9) fail to state a claim upon

16

which relief may be granted and should be dismissed.

The Court has considered whether Edwards's malicious prosecution claim as it pertains to the promoting prostitution and tampering with witness charges (Complaint, Doc. 2 at 29-33, Count 4), his Fourteenth Amendment claim for making false statements in a warrant application (Complaint, Doc. 2 at 33-34, Count 6), and his equal protection claim (Complaint, Doc. 2 at 34-35, Count 7) are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Edwards has a reasonable opportunity to prevail on the merits of these claims. *See* 42 U.S.C. § 1997e(g). The Court concludes that dismissal of these claims is not appropriate at this time. Detective Curtis will be required to respond to Count 4, 6 and 7.

Based on the foregoing, the Court issues the following:

## ORDER

1. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendant Curtis to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendant chooses to return the Waiver of Service of Summons, the answer or an appropriate

motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

    2. The Clerk of Court shall forward the documents listed below to:

Geoff Curtis
435 Ryman Street
Missoula, Montana  59802

Jim Nugent
Missoula City Attorney
435 Ryman Street
Missoula, Montana 59802

    *    the Complaint (Doc. 2);

    *    this Order;

    *    a Notice of Lawsuit & Request to Waive Service of Summons; and

    *    a Waiver of Service of Summons

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R.

12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests or information presented in letters.

4.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

5.  Edwards <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6.  At all times during the pendency of this action, Edwards shall immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Edwards's claims of unlawful search and seizure (Count 1), false arrest (Counts 2, 10, 11), assault and battery (Count 3), malicious prosecution and abuse of process as it pertains to Edwards's probation revocation (Count 4), invasion of privacy (Count 5), intentional/negligent infliction of emotional distress (Count 8), and defamation (Count 9) and the Missoula Police Department should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Edwards may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 24th day of February, 2015.


_____/s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:

Geoff Curtis
435 Ryman Street
Missoula, Montana 59802

Jim Nugent
Missoula City Attorney
435 Ryman Street
Missoula, Montana 59802

     A lawsuit has been commenced by a pro se plaintiff against you or an individual you may represent. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-00239-M-DLC-JCL. The Court has completed its pre-screening and concludes you must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

     This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," served with this Notice.

     If you comply with this request and timely file the waiver, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

                  */s/ Jeremiah C. Lynch*

                  Jeremiah C. Lynch
                  United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

     The following Defendant acknowledges receipt of your request that he waive service of summons in the following action:  *Edwards v. Curtis, et al.*, Civil Action No. CV-14-00239-M-DLC-JCL filed in the United States District Court for the District of Montana.  Defendant also received a copy of the Complaint.  Defendant agrees to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

     The above-named defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  We understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.


_____       _____
DATE                         SIGNATURE


                                 _____
                                 PRINTED/TYPED NAME


                                 _____


                                 _____
                                 ADDRESS