IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

**FILED**

JUN 0 3 2015

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| TERRANCE TYRELL EDWARDS, | CV 14–239–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| DETECTIVE GEOFF CURTIS and the MISSOULA POLICE DEPARTMENT, | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on February 24, 2015. Edwards objected to the Findings and Recommendation on March 13, 2015, and so the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full. Since the parties are familiar with the facts of this case, they will only be repeated below as necessary to explain the Court's order.

Judge Lynch found that Edwards' claim that Defendant Curtis violated his

1

rights by obtaining his cellular phone site location information ("CSLI"), without a warrant or court order to do so, was barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Edwards objects to this finding, reiterating his claim that the CSLI information was obtained in violation of his Fourth Amendment rights and that his arrest and incarceration are illegal. The information obtained by the CSLI was the basis of his probation revocation, which has not been reversed or found to be invalid. Further, Edwards did not challenge the CSLI information during his probation revocation hearing. *Heck* bars this Court from now determining that the CSLI was obtained illegally and thereby implying the invalidity of Edwards's current sentence.

Edwards next objects to Judge Lynch's finding that his claims of assault and battery against Detective Curtis fail to state a claim. Edwards alleges that Detective Curtis falsely told Texas law enforcement that he may be in possession of a firearm, indirectly leading to harmful and offensive contact with the Austin Police Department. The conduct of law enforcement officers in Texas is too attenuated to sustain a claim against Detective Curtis. Additionally, advising law enforcement that a person may be armed was prudent in this case, and is not a basis for assault or battery.

Judge Lynch found that there was probable cause to arrest and imprison

Edwards on the probation violation, and that his claims of malicious prosecution regarding the probation revocation should be dismissed. Judge Lynch required Defendant Curtis to respond to the claims of malicious prosecution regarding the charges of promoting prostitution and tampering with witnesses. Edwards objects to the finding that probable cause existed, reiterating his claims that the CSLI evidence was illegally obtained. As stated above, there was probable cause to arrest and imprison Edwards with regards to the probation violation. Edwards also objects to Judge Lynch's summary of the basis of his malicious prosecution claims as being too narrow. Judge Lynch's one sentence summary of the factual basis does not thereby exclude other factual contentions with regards to the malicious prosecution claim as stated in Edwards's complaint.

Edwards next objects to the scope of the denial of equal protection claim against Detective Curtis arguing that it should include the actions taken to obtain the CSLI. As stated above, the obtainment of the CSLI information serves as the basis for Edwards's probation revocation and current sentence. As such, claims regarding the legality of the CSLI evidence are barred by *Heck*.

Edwards lastly objects to Judge Lynch's finding that his claim for emotional distress arising form the Texas arrest should be dismissed. As stated above, this Court finds that the Texas arrest is too attenuated to plausibly state a claim of

assault or battery against Detective Curtis. Edwards's claim for intentional infliction of emotional distress arising from the same event is similarly too attenuated to sustain a claim against Detective Curtis.

Edwards requests a stay of proceeding in this matter until the conclusion of his habeas corpus proceeding before the Ninth Circuit Court of Appeals. The issuance of a stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672-673 (1926)). In this case, the Court finds that Edwards's collateral Ninth Circuit habeas petition does not warrant a stay in this matter.

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 6) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff's claims of unlawful search and seizure (Count I), false arrest (Counts 2, 10, 11), assault and battery (Count 3), malicious prosecution and abuse of process as it pertains to Plaintiff's probation revocation (Count 4), invasion of privacy(Count 5), intentional/negligent infliction of emotional distress (Count 8), and defamation (Count 9) and the Missoula Police

Department are DISMISSED.

DATED this **3rd** day of June, 2015.

*Dana L. Christensen*

Dana L. Christensen, Chief Judge
United States District Court