IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TERRANCE TYRELL EDWARDS,<br><br>Plaintiff,<br><br>vs.<br><br>DETECTIVE GEOFF CURTIS,<br><br>Defendant. | CV 14-239-M-JCL<br><br>ORDER |

This matter is before the Court on Defendant Geoff Curtis's Fed. R. Civ. P. 56 motion for summary judgment requesting that the Court dismiss Plaintiff Terrance Edwards' claims. Edwards has not responded to the motion.

On November 13, 2015, the Court sua sponte entered an Order extending the deadline for Edwards to file a response to Curtis's summary judgment motion on or before December 11, 2015. In that Order the Court additionally provided Edwards with the requisite notice of the summary judgment procedures as required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). As of the date of this Order, however, Edwards still has not responded to Curtis's summary judgment motion. For the reasons discussed, the Court deems it appropriate to grant Curtis's summary judgment motion.

1

**I.     Background**

Edwards commenced this action under 42 U.S.C. § 1983 challenging the constitutionality of Missoula Police Detective Geoff Curtis's conduct in investigating Edwards' alleged criminal activities, and in advancing or prosecuting criminal charges against Edwards.

In February 2011, Edwards was convicted of, and sentenced to probation for, promoting prostitution. By November 2011, Curtis received information indicating that Edwards was again involved in promoting prostitution. Curtis was then directed to investigate Edwards' alleged involvement which he did.

Through his investigation Curtis learned that Edwards had traveled to Boise, Idaho, and Austin, Texas, purportedly in violation of Edwards' conditions of probation imposed on his prior conviction. Therefore, a warrant for Edwards' arrest was issued for those asserted probation violations. Ultimately, police officers in Austin, Texas arrested Edwards on January 4, 2012.

Edwards alleges that on January 11, 2012, Curtis submitted a search warrant application which, in part, asserted Curtis needed Edwards' cell phone records to assist in locating Edwards even though Curtis knew Edwards had already been arrested on January 4, 2012, in Austin, Texas on the referenced warrant.

Based in part upon Curtis's criminal investigations, on January 18, 2012,

Edwards was charged in Montana with promoting prostitution. He was extradited from Texas and jailed in Missoula County.

On July 20, 2012, after law enforcement officers monitored Edwards' phone conversations he had while in jail, Edwards was charged with conspiracy to commit tampering with witnesses based on the content of Edwards' phone conversations. On May 21, 2013, however, the charges of promoting prostitution and conspiring to tamper with witnesses were dismissed.

By Order entered February 24, 2015, the Court conducted its preliminary screening of Edwards' complaint, and ordered Curtis to respond to some of Edwards' legal claims for relief. Specifically, the Court found Edwards' allegations sufficiently stated claims of (1) malicious prosecution based on Curtis's conduct in prosecuting the charges of promoting prostitution and conspiring to tamper with witnesses, (2) due process violations and "judicial deception" based on Curtis's search warrant application wherein he asserted on January 11, 2012, that he needed cell phone information to locate Edwards even though Edwards had been arrested in Texas on January 4, 2012, and (3) an equal protection violation based on Curtis's alleged race discrimination.

Curtis moves for summary judgment dismissing Edwards' three surviving claims for relief. The Court agrees that Curtis is entitled to summary judgment.

## II. Applicable Law

### A. Summary Judgment Standards

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

A party moving for summary judgment who does not have the burden of persuasion at trial, must produce evidence which either: (1) negates an essential element of the non-moving party's claim, or (2) shows that the non-moving party does not have enough evidence of an essential element to ultimately carry his burden at trial. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

## B. Pro Se Litigants

Edwards is appearing pro se in this action. Therefore, the Court must construe his pleadings and papers liberally, and his pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, in summary judgment proceedings a pro se litigant's filings must be construed liberally. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984)).

Nonetheless, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). They must follow the same applicable rules "that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## III. Discussion

The Court first notes that Edwards has not filed any materials – neither a brief, nor a statement of genuine issues – in response to Curtis's summary judgment motion. But the Ninth Circuit has made clear that a district court may not grant "summary judgment simply because a party fails to file an opposition or violates a local rule [relative to summary judgment procedures]," and must

"analyze the record to determine whether any disputed material fact [is] present." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). *See also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (explaining that "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law"). Therefore, the Court will consider the merits of Curtis's arguments for summary judgment.

A. **Malicious Prosecution**

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995)). Further, a § 1983 malicious prosecution claim is based on the elements of the tort of malicious prosecution under state law. *Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987).

Under Montana, to succeed with a claim for malicious prosecution "the plaintiff bears the burden of proving that '(1) a judicial proceeding was commenced against the plaintiff; (2) the defendant was responsible for instigating,

prosecuting, or continuing a judicial proceeding; (3) there was a lack of probable cause for the defendant's acts; (4) the defendant was actuated by malice; (5) the judicial proceeding terminated favorably for the plaintiff; and (6) the plaintiff suffered damage.'" *Spoja v. White*, 317 P.3d 153, 156 (Mont. 2014) (citation omitted). One of the central issues is whether the individual responsible for advancing or pursuing the underlying court action lacked probable cause for doing so. *Id*.

Probable cause is described as 'reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a reasonably prudent and cautious [person] to believe that the accused is guilty of the offense charged." *White v. State ex rel. Montana State Fund*, 305 P.3d 795, 804 (Mont. 2013).

Edwards was charged with promoting prostitution and conspiring to tamper with witnesses. Under Montana law, the offense of promoting prostitution occurs when an individual:

"[...]purposely or knowingly commits any of the following acts:

(a) owns, controls, manages, supervises, resides in, or otherwise keeps, alone or in association with others, a house of prostitution or a prostitution business;

[...]

(c) encourages, induces, or otherwise purposely causes another to become or remain a prostitute;

7

[...]"

Mont. Code Ann. § 45-5-602.

Curtis filed an affidavit in support of his summary judgment motion in which he identifies the information he obtained which led him to believe Edwards had engaged in conduct that constitutes promoting prostitution. On November 20, 2011, the Missoula Police Department received a "Crimestoppers" tip advising that Edwards was promoting prostitution. (Doc. 20 at ¶ 11.) On December 19, 2011, law enforcement officers interviewed two women at the Missoula Police Department, and each woman stated that Edwards asked her to work as a prostitute. (Doc. 20 at ¶¶ 12-13.) One of the women stated Edwards then took her to pick out a stripper pole and lingerie for her to use. (Doc. 20 at ¶12.) She explained she understood Edwards' business required women to go to a motel room with a male, and to do what the male pays them to do. (Doc. 20 at ¶ 12.)

Curtis located an advertisement on the internet for a woman identified as "Sarah", which purportedly advertised Sarah's services as a prostitute. On January 10, 2012, Curtis interviewed Sarah's sister who informed him that she and Sarah worked as prostitutes for Edwards, and that all the money earned was given to Edwards. (Doc. 20 at ¶ 27.) Curtis learned that Sarah was traveling with Edwards in Boise, Idaho, and in Austin, Texas. Edwards and Sarah were located together in

Austin, and Edwards was arrested.

On March 30, 2012, Curtis interviewed a woman who informed him she worked as a prostitute for Edwards in approximately April or May of 2011. (Doc. 20 at ¶¶ 21 and 32.) That woman identified men with whom she had sex in exchange for payment of money, and Curtis cited those men for misdemeanor criminal offenses.

Based on the foregoing, the Court finds probable cause existed to believe that Edwards was controlling, managing, or supervising a prostitution business, and that Edwards had encouraged or induced women to become or remain prostitutes. Curtis has established the absence of a genuine issue of material fact regarding probable cause. Consequently, absent evidence of a lack of probable cause, Curtis is entitled to judgment as a matter of law of Edwards' malicious prosecution claim. *White v. State ex rel. Montana State Fund*, 305 P.3d 795, 805 (Mont. 2013).

Next, under Montana law, the offense of conspiring to tamper with witnesses is defined through a combination of two statutes.

> (1) A person commits the offense of tampering with witnesses and informants if, believing that an official proceeding or investigation is pending or about to be instituted, the person purposely or knowingly attempts to induce or otherwise cause a witness or informant to:
>
> (a) testify or inform falsely;

9

[...]

Mont. Code Ann. § 45-7-206(1). And a conspiracy is described as follows:

> (1) A person commits the offense of conspiracy when, with the purpose that an offense be committed, the person agrees with another to the commission of that offense. A person may not be convicted of conspiracy to commit an offense unless an act in furtherance of the agreement has been committed by the person or by a coconspirator.

Mont. Code Ann. § 45-4-102.

In support of his summary judgment motion, Curtis relies upon information he provided to a Deputy Missoula County Attorney which was set forth in the Attorney's affidavit filed in support of the witness tampering charges. The following is taken from that affidavit:

While the charges of promoting prostitution were pending against Edwards, he was prohibited from having contact with witnesses, including Sarah, relative to the charge. Curtis monitored Edwards' phone conversations that he had while he was in jail. In substance, Curtis learned that Edwards had sent communications to witnesses telling them to state that they lied to police about Edwards' prostitution activities. (Doc. 20-14 at 6.) Upon Edwards' instructions, Sarah told an unidentified person "to go to the lawyer and sign a document that she lied to the police." (*Id*.) Curtis learned that an unidentified person was arranging communications between Edwards and witnesses in his case. (*Id*.) Curtis also

10

learned that Edwards engaged in three-way phone calls to avoid detection by law enforcement that he was communicating with witnesses. On June 5, 2012, a three-way phone call was arranged by an unidentified third party allowing Edwards to explain to an unidentified person that he needs that person to sign a document saying the person lied to the police. (Doc. 20-14 at 9.)

Based on the foregoing, the Court finds probable cause existed to believe that Edwards conspired with others in an attempt to induce witnesses to testify falsely, i.e. to testify that they lied to police about Edwards' criminal conduct. And, from a review of the foregoing information, several acts in furtherance of the conspirators' agreement took place in that (1) Sarah told an unidentified person to sign a document stating the person lied to the police, (2) an unidentified person was arranging communications between Edwards and witnesses in his case, and (3) at least one three-way call was arranged and conducted by another conspirator to allow Edwards to induce witnesses to testify falsely. Therefore, the existence of probable cause defeats Edwards' claim that Curtis maliciously prosecuted Edwards for conspiring to tamper with witnesses, and Curtis is entitled to summary judgment.

B. **Judicial Deception**

By Order entered February 24, 2015, and after conducting a preliminary

screening of Edwards' allegations as required by 28 U.S.C. § 1915(e)(2), the Court found Edwards sufficiently stated a claim of judicial deception. That claim alleged that on January 11, 2012, Curtis submitted a search warrant application asserting he needed the information that was the target of the search warrant to assist in locating Edwards, yet Curtis knew Edwards had already been arrested on January 4, 2012. (Doc. 6 at 14.)

It is unlawful for a law enforcement officer to employ judicial deception to obtain a search warrant. *KLR v. Morre*, 384 F.3d 1105, 1117 (9th Cir. 2004). A claim of judicial deception requires a plaintiff to prove that the "defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause, and it is up to the Court to assess the materiality of the alleged false statements. *Id*.

Curtis's January 11, 2012 search warrant application sought to obtain evidence of Edwards' conduct in promoting prostitution. Specifically, the application sought cell phone records, and the content of text and picture messages from a particular cell phone, all of which purported evidenced was within Verizon Wireless's possession and control. (Doc. 20-10 at 1-2.) The application provided lengthy details of Edwards' conduct, but it also noted that Edwards had "absconded and is currently at large" (doc. 20-10 at 5), and it suggested that the

12

information obtained could provide evidence of "the possible whereabouts of [Edwards.]" (Doc. 20-10 at 2.)

Upon review of all the information set forth in Curtis's January 11, 2012 application, the Court finds that the statements relative to Edwards' allegedly unknown location are entirely immaterial to the substance of the application. Again, the sole focus of the application was to obtain evidence from Verizon Wireless, the cell phone records, and text and picture messages that Verizon Wireless held. Thus, the Court concludes the issue of Edwards' alleged unknown location was irrelevant to the issue of whether probable cause existed to believe evidence of Edwards' conduct in promoting prostitution would be found in the information held by Verizon Wireless. No genuine issue of material fact exists as to Edwards' claim of judicial deception, and Curtis is entitled to summary judgment on the claim.

### C. Equal Protection

The Court found Edwards' complaint set forth sufficient facts to state a claim for a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Specifically, Edwards alleged that Curtis investigated and prosecuted Edwards because Edwards was a black man engaged in various relationships – both business and personal – with

white women and, consequently, Curtis identified Edwards as a prostitution pimp. For the reasons stated, the Court concludes Curtis is entitled to summary judgment on this claim.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause essentially directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). The clause serves to prohibit a state actor from discriminating against an individual based on his or her membership in a protected class, or based on a particular classification in which the individual is placed. *The Committee Concerning Community Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009). Thus, in general, to state an equal protection claim under 42 U.S.C. § 1983 "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)). *City of Modesto*, 583 F.3d at 702-703 (requiring evidence of discriminatory motive or intent).

Upon review of Curtis's brief, his affidavit, and his statement of undisputed

facts, the Court finds there exists no evidence in the record that provides "any indication of discriminatory motive" or intent behind Curtis's investigatory conduct. *See Arce v. Douglas*, 793 F.3d 968, 977-78 (2015) (describing the quantum of evidence necessary to survive summary judgment seeking dismissal of an equal protection claim). The record reflects that Curtis acted solely on his neutral investigatory pursuit of evidence establishing probable cause to believe Edwards had committed the identified offenses. There exists no evidence Curtis treated Edwards differently than any other similarly situated person, or that he investigated Edwards because of his race. Review of the police reports submitted by Curtis also reflects no evidence of any racial animus. Therefore, Curtis has sufficiently demonstrated the absence of any evidence of the essential element of Edwards' equal protection claim, and Curtis is entitled to summary judgment.

## IV. <u>CONCLUSION</u>

Based on the foregoing, IT IS HEREBY ORDERED that Curtis's motion for summary judgment is GRANTED, and this action is DISMISSED.

DATED this 14th day of January, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge